IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 16, 2006 Session

## PAUL H. MARTIN v. BILLY W. LONG

**Appeal from the Chancery Court for Coffee County**
**No. 03-253      John W. Rollins, Judge**

———————————

**No. M2005-02521-COA-R3-CV - Filed on November 30, 2006**

———————————

This case is based on the existence of an oral contract. The trial court determined that there was insufficient proof on damages to allow the plaintiff any recovery. We remand the case for findings about the existence and terms of the alleged oral contract.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Vacated**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and WILLIAM B. CAIN, J., joined.

Robert L. Huskey, Manchester, Tennessee, for the appellant, Paul H. Martin.

Jeffrey D. Ridner, Tullahoma, Tennessee, for the appellee, Billy W. Long.

**MEMORANDUM OPINION**[1]

This case concerns the existence and terms of an oral contract between the parties wherein the plaintiff, Mr. Martin, was to dig a pond on the property of defendant, Mr. Long, in exchange for the rock excavated from the site. During the period in question, both Mr. Long and another contractor excavated rock to create the pond. Mr. Martin alleges that Mr. Long sold the property before Mr. Martin got the rock to which he was entitled. Mr. Martin sued to recover from Mr. Long the value of the rock he maintains he was entitled to under their oral agreement.

—————————————

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

The trial court held a hearing on the matter in which at least four (4) witnesses testified. There was no court reporter at the hearing. This court was informed by counsel that at the conclusion of the hearing the trial court made a finding from the bench regarding the existence and terms of an oral contract between the parties. While a Statement of the Evidence is a part of the record, the court's ruling on the terms of the oral agreement and its breach are not in the record. Neither does the final order address the terms of the contract. On appeal, the parties were unable to agree on what the court ruled regarding the terms of the oral agreement.

While the trial court apparently found that Mr. Long breached an oral agreement between the parties,[2] the trial court entered an order finding that Mr. Martin, the plaintiff, had failed to carry his burden of proof regarding damages. Mr. Martin appealed claiming there is sufficient evidence in the Statement of Evidence to determine damages.

In order to review the trial court's determination regarding sufficiency of the proof regarding damages, it is necessary for this court to have the trial court's findings regarding the terms of the oral contract.[3] For example, we do not know what the trial court determined was the agreement between the parties about how the parties were to divide the rock and what effect, if any, excavation by Mr. Long and the second contractor had on the amount of rock Mr. Martin was entitled to receive. Such a determination in this case rests in part on the trial court's determination of credibility. While the trial court may have made such a determination, it is not a part of the record.

In this appeal the defendant, Mr. Long, argues that no oral contract was enforceable since it would have been in violation of the Statute of Frauds. We are not persuaded by this argument and conclude that an agreement to trade excavated rock for excavation services is not subject to the Statute of Frauds.

The trial court's final order is vacated, and the case is remanded to the trial court for that court to enter into the record findings of fact regarding the terms of the oral contract between Mr. Martin and Mr. Long. It should be noted this remand is not for a new trial regarding liability, but only for the trial court to make findings about the existence of an oral contract, its terms, and its breach. On the issue of damages, the trial court may accept additional evidence if it chooses to do so, in its discretion.

---

[2]The trial court stated in its final order that it "could not conclude with any real clarity the amount of rock remaining on the land previously owned by the defendant, Mr. Long, as well as the value of this rock." The court further stated it had suggested using a third party to go on the land and evaluate those facts, but the parties had not agreed. These statements imply that the court had determined that an oral contract existed and was breached, or else damages would not have been an issue.

[3]Under at least one version of the agreement, as alleged by Mr. Martin, there is proof that would allow calculation of damages.

Costs of this appeal are divided equally between the parties for which execution may issue if necessary.

_____
PATRICIA J. COTTRELL, JUDGE